UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BRENT OF THE SWALLERS FAMILY                         PETITIONER
NON-AGENT/NON-ENTITY
EX-REL BRENT A. SWALLERS

v.                                    CIVIL ACTION NO. 4:17CV-P59-JHM

AMY BRADY                                         RESPONDENT

**MEMORANDUM OPINION**

Petitioner filed a *pro se* petition for writ of habeas corpus (DN 1). By Order entered July 5, 2017, the Court directed Plaintiff to re-file his habeas action on the appropriate Court-approved form and to tender the $5.00 filing fee or file an application to proceed without prepayment of fees within 30 days (DN 5). The Order was mailed to Petitioner's address of record at that time, the Henderson County Detention Center. On July 25, 2017, the mailing of that Order was returned to the Court by the United States Postal Service marked "Return to Sender, Attempted - Not Known, Unable to Forward" (DN 9). However, review of the docket indicated that Petitioner filed three documents shortly after the Order was entered (DNs 6, 7, and 8). In those documents, Petitioner provided a new address in Indianapolis, Indiana. The Clerk of Court, therefore, re-sent the mailing to Petitioner at the new address. On September 8, 2017, the United States Postal Service returned the second mailing to the Court with the envelope marked "Return to Sender, No Such Street, Unable to Forward" (DN 10).[1]

---

[1] Petitioner filed another case in this Court – *Swallers v. Rinka*, Civil Action No. 4:17CV-P60-JHM. Two Orders entered in that case that were sent to Petitioner at his Indianapolis address were also returned to the Court in September 2017 by the United States Postal Service. *See* DNs 10 & 11.

Petitioner having failed to provide a valid change of address, neither notices from this Court nor filings by Respondent in this action can be served on him. Upon filing the instant action, Petitioner assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a petitioner fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Petitioner has failed to comply with this Court's Local Rules by failing to provide a valid change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002)

("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 26, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Petitioner, *pro se*
Respondent
4414.005